IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATALIE LYNN NASATKA, | : |
| Plaintiff, | : |
| v. | : Civ. No. 21-333-LPS |
| DELAWARE TECHNICAL COMMUNITY COLLEGE, et al., | : |
| Defendants. | : |

Natalie Lynn Nasatka, Smyrna, Delaware.  Pro Se Plaintiff.

**MEMORANDUM OPINION**

August 16, 2021
Wilmington, Delaware

STARK, U.S. District Judge:

## I.    INTRODUCTION

Plaintiff Natalie Lynn Nasatka ("Plaintiff") filed this action on March 4, 2021. (D.I. 2) She appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) Plaintiff moves for e-filing rights. (D.I. 4) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II.   BACKGROUND

Plaintiff alleges violations of the Jobs for Veterans Act, 38 U.S.C. § 4215, and the Workforce Innovation and Opportunity Act, 29 U.S.C. Ch. 32. (D.I. 2 at 4) As alleged, Plaintiff is a veteran of the U.S. Air Force and is enrolled in a paramedic program. The final course in the paramedic program is the EMT 290 Paramedic Field Clinical, which "culminates in the Associates for Allied Health and the National Registry Paramedic certification." (*Id.*) Students enrolled in EMT 290 are assigned to Sussex County and Kent County EMT field training officers. (*Id.*) Of eight students enrolled in EMT 290, Plaintiff was the only veteran. (*Id.* at 5)

Plaintiff alleges that she was informed on June 17, 2020 that Sussex County EMS refused to allow her to train with its field training officers. (*Id.*) She was assigned to field train with a Kent County EMS paramedic who was known to have medical conditions. (*Id.*) The medical conditions caused the paramedic to cancel several training days and nights and, on August 31, 2020, Plaintiff was informed that the paramedic was no longer available. (*Id.*) Emails show that Kent County EMS had no other field training officers available and wanted Defendant Delaware Technical Community College ("Del Tech") to hire a paramedic to field train Plaintiff, with the caveat that Kent County EMS agreed to the paramedic hired by Del Tech. (*Id.*)

1

Plaintiff suggested that a non-veteran be removed from field training so that she could continue with field training and the non-veteran could resuming training when Plaintiff completed her training. (*Id.*) An attorney for Del Tech told Plaintiff that this course of action would be unethical and impossible to justify legally. (*Id.*) Plaintiff was field trained for two months by Kevin Imhof of Del Tech before he resigned. (*Id.*) Plaintiff alleges that her classmates have finished field training and are now certified paramedics licensed to practice in Delaware. (*Id.*) Del Tech Dean of Instruction John Buckley has written Plaintiff that he is trying to find a suitable training officer and, if none is found, she will return to training as usual with a county field training officer with students who are enrolled in EMT 290 during the summer of 2021. (*Id.*)

Plaintiff alleges that federal funds cover most of the tuition for EMT courses including EMT 290 and that an employment services specialist from the Delaware Department of Labor Division of Employment and Training managed her case. (*Id.* at 6) She alleges that she qualified for the funds because she was sustained on food stamps and other welfare programs while employed as an emergency medical technician. (*Id.*) Plaintiff seeks compensatory damages and other relief. (*Id.* at 7) She also moves for e-filing rights. (D.I. 4)

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully

2

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (internal quotation marks omitted); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).

3

Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Plaintiff alleges violations of the Jobs for Veterans Act, 38 U.S.C. §§ 4212. *et seq.*, and the Workforce Innovation and Opportunity Act ("WIOA"), 29 U.S.C. §§ 3101 *et seq*. Plaintiff's claim under the Jobs for Veterans Act fails as a matter of law because the Act does not provide a private right of action. *See Antol v. Perry*, 82 F.3d 1291, 1297-98 (3rd Cir. 1996); *Seay v. TVA*, 339 F.3d 454, 473 (6th Cir. 2003).

Plaintiff's claim under the WIOA also fails. The WIOA authorizes appropriations of federal funds for state workforce development systems. *See* 29 U.S.C. §§ 3101, 3275. To receive federal funds, a state's governor creates a state workforce development board and adopts a state plan. *See id.* at §§ 3111-12. A governor must designate local areas within the state, managed by local workforce development boards pursuant to a local plan, which then oversee the operation of centers

4

and enroll participants in training programs. *Id.* at § 3121-23. As one court discussed, the WIOA confers a right upon a local workforce training organization to enforce WIOA's provisions dealing with the prompt allocation of funds. *See Coastal Ctys. Workforce, Inc. v. LePage*, 284 F. Supp. 3d 32, 47 (D. Me. 2018), *appeal dismissed*, 2018 WL 3440030 (1st Cir. Mar. 2, 2018) (noting that because WIOA is Spending Clause legislation, court should not lightly conclude that statute gives rise to enforceable individual rights because " the typical remedy for state noncompliance with federally imposed conditions [in spending legislation] is not a private cause of action for noncompliance but rather action by the Federal Government to terminate funds to the State.") (internal quotation marks omitted); *see also* 29 U.S.C. § 3254(12) ("Nothing in this subchapter shall be construed to provide an individual with an entitlement to a service under this subchapter."); *Nevada Partners, Inc. v. Workforce Connections*, 2019 WL 2518119, at *3 (D. Nev. June 18, 2019) (no constitutionally protected property interest in WIOA grants). *See also Mikale v. U.S. Dep't of Lab.*, 2020 WL 7046835, at *4-5 (D. Neb. Dec. 1, 2020) ("Plaintiffs do not – and cannot – state a claim that Defendants violated their alleged right to funds and support under the WIOA."); *Steshenko v. Gayrard*, 2015 WL 859111, at *4-5 (N.D. Cal. Feb. 25, 2015) (similar).

Having considered the allegations, the Court concludes that Plaintiff cannot state a claim for violation of her rights under the WIOA. Therefore the claim will be dismissed. The Court finds amendment of both claims would be futile and, thus, will not permit amendment.

## V. CONCLUSION

For the above reasons, the Court will: (1) deny as moot Plaintiff's motion for e-filing rights (D.I. 4); and (2) dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Amendment is futile.

An appropriate Order will be entered.

5